**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| V. Z. LAWTON, et al., Plaintiffs, v. REPUBLIC OF IRAQ, Defendant, | Civil Action No. 02-474 (RBW) |

## MEMORANDUM OPINION

Currently before the Court is one issue upon which the Court reserved an earlier judgment it had rendered when addressing the defendant's motion to dismiss the plaintiff's claims against defendant Republic of Iraq. See August 20, 2008 Order. The remaining issue is whether the plaintiff's claim pursuant to the federal Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333 (2000), must be dismissed. The plaintiffs oppose the defendant's motion to dismiss. For the reasons set forth in this Memorandum Opinion, the Court agrees with the defendant and will grant the defendant's motion to dismiss the plaintiffs' § 2333 claim.

## I. BACKGROUND

The plaintiffs, Oklahoma citizens or former Oklahoma citizens who are either survivors of the Murrah Building bombing of April 19, 1995, or who lost loved ones in the bombing, have brought this lawsuit against the defendant, the Republic of Iraq, asserting several causes of action arising out of the 1995 bombing of the Alfred P. Murrah Federal Building in Oklahoma City, Oklahoma. Amended Complaint ¶¶ 5, 30-39.

Specifically, the plaintiffs allege that the defendant provided material support through its alleged agent, Ramzi Youssef, to the individuals who actually carried out the bombing. Id. ¶¶ 7-29. The plaintiffs bring their lawsuit under 28 U.S.C. 1605(a)(7) (2000),[1] which authorizes United States district courts to exercise subject matter jurisdiction over suits brought against foreign states, which generally are immune from suit in United States

[1] While Congress has repealed this subsection of the law and enacted a superseding provision, see the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3 (2008), district courts retain jurisdiction over cases based on § 1605(a)(7) jurisdiction that were already pending prior to the repeal of the statute, Simon v. Republic of Iraq, 529 F.3d 1187, 1194 (D.C. Cir 2008). Section 1605(a)(7) provided that "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case:"

> not otherwise covered by [the exception provided in] paragraph (2), in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources (as defined in section 2339A of title 18) for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency, except that the court shall decline to hear a claim under this paragraph—
>
> (A) if the foreign state was not designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) at the time the act occurred, unless later so designated as a result of such act or the act is related to Case Number 1:00CV03110(EGS) in the United States District Court for the District of Columbia; and
>
> (B) even if the foreign state is or was so designated, if—
>
> i. the act occurred in the foreign state against which the claim has been brought and the claimant has not afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with accepted international rules of arbitration; or
>
> ii. neither the claimant nor the victim was a national of the United States (as that term is defined in section 101(a)(22) of the Immigration and Nationality Act) when the act upon which the claim is based occurred.

28 U.S.C. § 1605(a)(7).

courts. See 28 U.S.C. § 1604 (2000). Generally speaking, this exception removes the immunity accorded to foreign states who are designated by the United States government as state sponsors of terrorism, and where United States nationals are seeking to recover damages against that foreign state for its alleged acts of terrorism or material support of terrorism.

The Court previously vacated judgment against the defendant on the plaintiff's claim arising under the federal Anti-Terrorism Act, ("ATA"), 18 U.S.C. § 2333 (2000). Section 2333 provides:

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor [sic] in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333. Section 2333 is not absolute, however, as it is limited to the extent that:

> No action shall be maintained under section 2333 of this title against--
> (1) the United States, an agency of the United States, or an officer or employee of the United States or any agency thereof acting within his or her official capacity or under color of legal authority; or
> (2) a foreign state, an agency of a foreign state, or an officer or employee of a foreign state or an agency thereof acting within his or her official capacity or under color of legal authority.

18 U.S.C. § 2337 (2000).

The defendant argues that dismissal is required here because "the ATA never has – and does not now – provide any ground whatsoever upon which the Court may grant any relief to Plaintiffs against the Republic of Iraq." Defendant Republic of Iraq's Reply in Support of Motion to Dismiss the Amended Complain and Objection to Certain

"Evidence" Offered in Support of Plaintiffs' Opposition ("Def.'s Reply") at 18. The plaintiffs respond that dismissal is improper because § 2337 does not provide an "absolute" exemption from liability under § 2333; rather, they contend that the exemption is subject to a further exception that "[o]nce a FSIA [Foreign Sovereign Immunities Act] exception is established, the ATA exemption is overcome and the ATA becomes available as a basis for pursing claims against a foreign state." Plaintiffs' Objections and Responses to the Motion by the Republic of Iraq to Dismiss this Case ("Pls.' Opp'n") at 22. The Court cannot agree and must side with the defendant.

## II. STANDARD OF REVIEW

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if the plaintiff does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court "must treat the complaint's factual allegations as true" and "must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Airlines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotations and citations omitted). Under Rule 12(b)(6), a plaintiff need not allege specific details that prove the veracity of a claim; rather, a properly pleaded complaint only need contain a clear and concise statement of the claim sufficient to place a defendant on "notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Therefore, if this Court finds that § 2337 precludes the plaintiff from bringing a claim under § 2333, the Court must dismiss this claim.

**III. ANALYSIS**

A plain reading of § 2337 indicates that the ATA bars § 2333 claims against foreign states. This conclusion is supported by the legislative history of § 2337, wherein a Senate Report stated:

> This section prohibits civil actions against the United States, U.S. officials, foreign states or foreign officials. This provision maintains the status quo, in accordance with the Foreign Sovereign Immunities Act, with respect to sovereign states and their officials: there can be no cause of action for international terrorism against them.

S. Rep. No. 102-342, 102d Cong., 2d Sess. (July 27, 1992), at 47. When § 2337 was enacted in 1992, foreign states were not subject to suit in United States courts. See Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602-1611. Cf., S. Rep. No. 102-342 at 47 (stating that the Senate comprehended the "status quo" in 1992 to be that there was "no cause of action for international terrorism against [foreign states]"). It was not until 1996 when Congress adopted § 1605(a)(7), the now-repealed jurisdictional exception to foreign sovereign immunity. See Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

While the District of Columiba Circuit has yet to rule on whether § 2337 precludes § 2333 claims against foreign states that are being sued based on § 1605(a)(7) jurisdiction, other members of this Court have held that § 2337(2) bars a § 2333 claim. See Pugh v. Socialist People's Libyan Arab Jamahiriya, 290 F. Supp. 2d 54, 60-61

(D.D.C. 2003);[2] see also Hurst v. Socialist People's Libyan Arab Jamahiriya, 474 F. Supp. 2d 19, 28-29 (D.D.C. 2007); Simpson v. Socialist People's Libyan Arab Jamahiriya, 362 F. Supp. 2d 168, 175 (D.D.C. 2005), aff'd and remanded on other grounds, 470 F.3d 356 (D.C. Cir. 2006). Courts in other districts have reached the same conclusion. See Smith ex rel. Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 225-26 (S.D.N.Y. 2003). The only case that appears to run contrary to this interpretation is a First Circuit opinion upon which the plaintiffs rely. See Pls.' Opp'n at 22 (citing Ungar v. Palestine Liberation Organization 402 F.3d 274, 282 (1st Cir. 2005) (citing Estates of Ungar v. Palestinian Authority, 315 F.Supp.2d 164, 175 (D.R.I. 2004))). Not only is that decision is not controlling on this Court, In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1176 (D.C. Cir. 1987) ("The federal courts spread across the country owe respect to each other's efforts and should strive to avoid conflicts, but each has an obligation to engage independently in reasoned analysis. Binding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit."), but the Court finds it unpersuasive in light of the plain text of § 2337, its legislative history, and the decisions of other members of this District.

Therefore, the plaintiffs cannot state a claim under § 2333 against the Republic of Iraq.

[2] In Pugh, "[j]urisdiction [was] predicated upon the . . . FSIA . . . , specifically § 1605(a)(7)," and that judge denied the defendant's motion to dismiss for lack of subject matter jurisdiction among other grounds. 290 F. Supp. at 61.

## IV. CONCLUSION

Accordingly, the defendant's motion to dismiss the plaintiffs' § 2333 claim because it does not state a claim under of the ATA is **GRANTED**.[3]

**SO ORDERED** this 10th day of October, 2008.

________/s/_______________
REGGIE B. WALTON
District Court Judge

[3] An Order consist with this Memorandum Opinion has been filed contemporaneously with this Opinion.